# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| _____ | : | |
| UNITED STATES SECURITIES | : | |
| AND EXCHANGE COMMISSION, | : | CASE NO.  1:07-cv-4538 |
|  | : | |
| Plaintiff, | : | Hon. Elaine E. Bucklo |
|  | : | |
| v. | : | Magistrate Judge Arlander Keys |
|  | : | |
| BRIAN N. HOLLNAGEL and | : | |
| BCI AIRCRAFT LEASING, INC. | : | |
|  | : | |
| Defendants. | : | |
| _____ | : | |

## FINAL JUDGMENT AS TO DEFENDANTS
## BRIAN N. HOLLNAGEL AND BCI AIRCRAFT LEASING, INC.

Plaintiff, U.S. Securities and Exchange Commission ("SEC") having filed a complaint and Defendants Brian N. Hollnagel ("Hollnagel") and BCI Aircraft Leasing, Inc. ("BCI") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hollnagel shall pay

a civil penalty in the amount of $500,000, and Defendant BCI shall pay a civil penalty of

$1,000,000, to the Securities and Exchange Commission pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

78u(d)(3)].  Defendants Hollnagel and BCI shall be jointly and severally liable for the total

$1,500,000 in civil penalties. Defendants shall make these payments within 14 days after entry

of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Brian N. Hollnagel and BCI Aircraft Leasing, Inc. as defendants in this action; and

specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth herein.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Hollnagel, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Hollnagel under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Hollnagel of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant BCI Aircraft Leasing, Inc. are hereby released from the Court's prior orders that they comply with the following provisions of ECF No. 35 (August 22, 2007 Memorandum Opinion and Order) at 9:

Significant withdrawals (in excess of $20,000) may be made only with 48 hours notice to the SEC. All money paid to BCI or any BCI affiliate, including LLCs and Hollnagel in connection with BCI, shall be reported to the SEC on a weekly basis.

4

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
**U.S. DISTRICT COURT JUDGE**
**Northern District of Illinois**

Dated: December 17, 2014